FILED _____ RECEIVED
_____ ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

NOV - 8 2018

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\*\*\*

DIMITRITZA TOROMANOVA,

Plaintiff,

vs.

FIRST AMERICAN TRUSTEE SERVICING SOLUTIONS, LLC, *et al*,

Defendants.

2:18-cv-01482-APG-VCF

**ORDER**

Motion to Join [ECF No. 27]; Motion to Extend Time [ECF No. 35]

Before the Court are Plaintiff Dimitritza Toromanova's Motion to Join Necessary Parties FRCP 19 (ECF No. 27) and Motion to Extend Time for Reply-FRCP 6(b)(1)(B) (ECF No. 35). For the reasons discussed below, Plaintiff's motions are denied.

In her complaint, Plaintiff alleges that First American Trustee Servicing Solutions and Rushmore Loan Management Services "made aggressive bad faith and fraudulent claims against [her] property" and violated the Fair Debt Collections Act in attempting to foreclose on her property. (ECF No. 1 at 2-3). Plaintiff now moves to "join two necessary parties to this action as mandated by the Federal Rules of Procedure… 19." (ECF No. 27 at 1). Plaintiff asserts that U.S. Bank National Association as Trustee for the RMAC Trust, Series 2016-CTT, Mr. Cooper (apparently the services for U.S. Bank), and Nationstar Mortgage have also "made aggressive bad faith and possibly fraudulent claims against [her] property." (*Id.* at 1-2).

Federal Rule of Civil Procedure 19 is not the proper rule for Plaintiff to rely on in attempting to add defendants in this case. Rule 19 is used by defendants to move for dismissal for failure to join the

1

necessary parties. *See* Fed. R. Civ. P. 12(b)(7). Plaintiffs seeking to amend their complaint to add parties must adhere to Federal Rule of Civil Procedure 15.

The Court will not treat Plaintiff's motion to join as a motion to amend. The standards to join and to amend are very different, and Plaintiff has failed to address the factors the Court should consider in ruling on a motion to amend. *See Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). This Order does not preclude Plaintiff from filing a motion to amend her complaint in the future. However, Plaintiff's motion to join is very vague regarding U.S. Bank, Mr. Cooper, and Nationstar Mortgage's connection to the case. Plaintiff generally asserts they have made fraudulent claims against her property and mentions a bankruptcy case (ECF No. 27 at 2), but it is not clear how these allegations relate to her claims against First American Trustee Servicing Solutions and Rushmore Loan Management Services. Any future motion to amend must contain more detail than Plaintiff currently provides in her motion to join, and must comply with Local Rule 15-1.

In addition to denying Plaintiff's motion to join, the Court also denies Plaintiff's motion to extend time to file a reply to her motion. (ECF No. 35). The Court acknowledges that Defendant's response to the motion to join was untimely. (ECF No. 32). However, the Court is ruling on Plaintiff's motion to join based on legal principles that will not be altered by any further briefing on the motion. Extending the time for Plaintiff to file a reply would not serve any purpose.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that Plaintiff's Motion to Join Necessary Parties FRCP 19 (ECF No. 27) and Motion to Extend Time for Reply-FRCP 6(b)(1)(B) (ECF No. 35) are DENIED.

DATED this 8th day of November, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE