# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DIMITRITZA H. TOROMANOVA,

  Plaintiff,

v.

FIRST AMERICAN TRUSTEE SERVICING SOLUTIONS LLC, and RUSHMORE LOAN MANAGEMENT SERVICES LLC,

  Defendants

Case No.: 2:18-cv-01482-APG-VCF

**ORDER (1) GRANTING IN PART DEFENDANT'S MOTION TO DISMISS COMPLAINT AND (2) DENYING DEFENDANT'S MOTION TO EXPUNGE LIS PENDENS**

[ECF Nos. 19, 29]

  Plaintiff Dimitritza H. Toromanova sues defendants First American Trustee Servicing Solutions LLC (FATSS) and Rushmore Loan Management Services LLC (Rushmore) claiming that they improperly foreclosed on her property at 1706 Cordoba Lane in Las Vegas. ECF No. 1. Rushmore moves to dismiss the complaint and expunge the lis pendens Toromanova recorded.

  Toromanova's claims of negligence, fraud, and violations of federal and Nevada statutes either fail as a matter of law or do not meet the pleading standards of the Federal Rules of Civil Procedure. I therefore grant Rushmore's motion to dismiss those claims. However, Toromanova's claim for declaratory relief can be a stand-alone cause of action and she does not make a request for injunctive relief, so I deny Rushmore's motions to dismiss on those grounds. Because I am not dismissing Toromanova's claim for declaratory relief and I am allowing her to amend her dismissed claims, I deny Rushmore's motion to expunge the lis pendens.

**I. BACKGROUND**

  On August 7, 2003, Toromanova took a loan from Lehman Brothers Bank FSB. ECF No. 19-1. The loan was secured by a deed of trust on property at 1706 Cordoba Lane in Las Vegas.

ECF No. 20-1.  The deed of trust was later assigned to U.S. Bank RMAC Trust Series 2016-CTT. ECF No. 20-2.  FATSS is currently the trustee of the deed of trust, and Rushmore is the servicer of the loan.  On August 6, 2018, a notice of trustee's sale was recorded against the property setting the sale for August 27, 2018.[1] ECF No. 19 at 3.  Toromanova subsequently filed the present complaint and recorded a lis pendens against the property. ECF Nos. 1, 7.  Just prior to the trustee sale, Toromanova filed for Chapter 13 bankruptcy. ECF No. 19-2.

Magistrate Judge Ferenbach granted Rushmore's motion to strike Toromanova's first amended complaint. ECF No. 53.  Consequentially, the operative complaint is Toromanova's original complaint. ECF No. 1.  In that complaint, Toromanova names two defendants, Rushmore and FATSS, but I recently granted nonmonetary status to FATSS.[2]

Toromanova's complaint is not clear.  She broadly alleges that the defendants have made "aggressive bad faith and fraudulent claims" against her property, including the specific allegations that they conducted a foreclosure sale without standing and forged her signature on the recorded deed of trust. ECF No. 1 at 2.  In making these allegations, Toromanova seems to be asserting claims for negligence; fraud; and violations of Nevada's "Deceptive Practices Act" (presumably Nevada's Deceptive Trade Practices Act, Nevada Revised Statutes §§ 598.0903-598.0999), Nevada's "Negotiable Instruments Law" (presumably Nevada Revised Statutes §§ 104.101-104.3605), and the federal Fair Debt Collections Practices Act (15 U.S.C.A. § 1692).

---

[1] In its motion to dismiss, Rushmore indicated that the sale was to occur in 2017, but that appears to be an error. ECF No. 19 at 3.

[2] As a result of this designation, FATSS is not required to participate any further in the action and is not subject to any money damages or attorney's fees or costs, except that it is required to respond to any discovery request as a nonparty participant and is bound by any court order relating to the deed of trust. Nev. Rev. Stat. § 107.029.

*Id.* at 2-3.  Toromanova also seeks declaratory relief under Nevada Revised Statutes § 40.010 to determine who are the real parties in interest to the note and deed of trust. *Id.* at 3-4.

Rushmore now moves to dismiss Toromanova's complaint with prejudice and to expunge the lis pendens.

## II.  REQUEST FOR JUDICIAL NOTICE

To support its motion to dismiss, Rushmore requested I take judicial notice of the following documents: the deed of trust (ECF No. 20-1), the assignment of deed of trust (ECF No. 20-2), the notice of trustee's sale (ECF No. 20-3), and the lis pendens (ECF No. 20-4). Toromanova objects to this request, arguing that the documents are subject to reasonable dispute and are unauthenticated.[3] ECF Nos. 23; 26 at 5-7.  Rushmore replies that because the documents are publicly recorded in the official records of the Clark County Recorder's Office, they are not subject to reasonable dispute. ECF No. 25.

As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001) (quotations omitted).  However, under Federal Rule of Evidence 201(b)(2), I can take judicial notice of "a fact that is not subject to reasonable dispute because it: . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  This includes matters of public record. *See Mack v. S. Bay Beer Distributors, Inc.,* 798 F.2d 1279, 1282 (9th Cir. 1986); *Interstate Nat. Gas Co. v. S. California Gas Co.,* 209 F.2d 380, 385 (9th Cir. 1953).

---

[3] In a later surreply, Toromanova appears to suggest that she is unopposed to the request for judicial notice. ECF No. 34.  However, because it is unclear whether this sentiment applies to all the documents Rushmore submitted, I will proceed as though she fully opposes.

3

The four documents Rushmore presents are matters of public record, so Rushmore's request for judicial notice is granted. I take judicial notice that the deed of trust, the assignment of the deed of trust, the notice of trustee's sale, and the lis pendens were recorded against the property and on the dates indicated in the public record. I do not, however, take notice of any disputed facts stated in those documents, including Toromanova's signature, which she claims was forged. *See Lee*, 250 F.3d at 690.

## III. MOTION TO DISMISS

### A. Standard

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

### B. Arguments

Rushmore argues that that Toromanova's claims fail as a matter of law and should be dismissed with prejudice. Specifically, Rushmore submits that Toromanova's claim for violation of the Nevada Deceptive Trade Practices Act (NDTPA) fails because the NDTPA does not apply to real estate transactions and because Toromanova does not plead that Rushmore made a false, misleading, or deceptive representation. Similarly, it argues that Toromanova's claim for violation of the Fair Debt Collection Practices Act (FDCPA) fails because the FDCPA does not

apply to claims arising out of non-judicial foreclosures and Toromanova does not plead that Rushmore is a debt collector. Finally, it argues that Toromanova's negligence claim fails because Rushmore does not owe her a duty of care and, even if it did, the claim is barred by the economic loss doctrine.

Rushmore also argues that the entirety of Toromanova's complaint fails to meet the pleading requirements of Federal Rules of Civil Procedure 8(a) or 9(b) because it does not provide any specific causes of action or factual allegations, instead listing various names of statutes, such as the "Negotiable Instruments Law" and the "Federal Fair Debt Collections Act," and fails to identify how Rushmore violated those statutes. Rushmore argues that these vague allegations do not put it on reasonable notice of the substance of Toromanova's claims.

Toromanova does not address any of the legal or procedural arguments Rushmore raises, except to say that she believes that her complaint contains a short and plain statement of the claims as required by Federal Rule of Civil Procedure 8(a).[4]

**C. Substantive Claims**

Toromanova's NDTPA claim fails because it do not meet the pleading requirements of Federal Rule of Civil Procedure 8. Some sections of the NDTPA apply only to the lease or sale of goods and services and so would not apply to Toromanova's claims related to real property. However, other statutory sections are not necessarily so limited. *See, e.g.*, *The Bank of N.Y. Mellon fka The Bank of N.Y. v. Cape Jasmine CT Trust*, No. 2:16-cv-00248-JAD-GWF, 2016 WL 3511253, at *4–5 (D. Nev. Jun. 27, 2016) (noting certain provisions of the statute explicitly

---

[4] Toromanova also argues that Rushmore's motion should be disregarded because she had not yet received its certificate of interested parties, although it appears that she either overlooked the certificate (ECF No. 22) or was basing this argument off of Rushmore's earlier, withdrawn motion to dismiss (ECF No. 15).

5

require the sale or lease of goods and services but others do not); *Kawahara v. Kennedy*, No. 3:14-cv-00012-MMD-WGC, 2015 WL 789744, at *5–6 (D. Nev. Feb. 25, 2015) (same). Because Toromanova neither identifies which statutory section Rushmore violated or clarifies which actions are objectionable, I cannot determine which statutory sections apply to her claim. I therefore dismiss her NDTPA claim.

Toromanova's FDCPA claim fails as a matter of law. The Supreme Court of the United States recently held that "[a] business engaged in no more than nonjudicial foreclosure proceedings is not a 'debt collector' under the FDCPA." *Obduskey v. McCarthy & Holthus LLP*, 139 S.Ct. 1029, 1030 (March 20, 2019) (where the court held that the defendant, who "was hired to carry out a nonjudicial foreclosure," was not subject to the Act's main coverage); *see also Kramer v. JP Morgan Chase Bank*, 2019 WL No. 2289412, (9th Cir. May 29, 2019). According to the allegations in Toromanova's complaint, Rushmore is not a debt collector under the FDCPA's main provisions, and Toromanova has not pleaded facts to bring Rushmore's actions under any of the FDCPA's subsections that contain a more expansive definition of a debt collector. I therefore dismiss her FDCPA claim.

Toromanova's negligence claims likewise fail as a matter of law. To prevail on a negligence theory in Nevada, a plaintiff must allege: "(1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." *Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev. 2009) (en banc).

"[G]enerally, a lender does not owe a duty of care to a borrower outside the terms of their loan transaction." *Welsh v. One West Bank FSB*, No. 2:18-cv-00228-APG-CWH, ECF No. 35 at 12; *see also Davenport v. Homecomings Fin., LLC*, NV S.Ct. Case No. 56322, 2014 WL 1318964, at *4 (Nev. Mar. 31, 2014) (citing *Larson v. Homecomings Fin., LLC*, 680 F. Supp. 2d

6

1230, 1235 (D. Nev. 2009)). This principle extends to the loan servicer. *See Weinstein v. Mortgage Capital Assocs.*, No. 2:10-cv-01551-PMP-PAL, ECF No. 39 at 13 ("The Court will dismiss this claim because a loan servicer owes no duties to the borrower beyond those set out in the relevant agreements."). Rushmore thus owed no duties to Toromanova relating to the foreclosure outside of the parties' loan transaction. Thus, if Rushmore wrongfully foreclosed, that would be addressed through a claim for breach of contract or wrongful foreclosure, not negligence. I therefore dismiss Toromanova's negligence claims.

Toromanova's fraud claims fail because they do not meet the pleading requirements of Federal Rule of Civil Procedure 9(b). To adequately allege fraud under Rule 9(b), Toromanova must allege the "time, place and nature of the alleged fraudulent activities." *Wool v. Tandem Computers,* 818 F.2d 1433, 1439 (9th Cir. 1987); *see also GlenFed, Inc. Securities Litigation,* 42 F.3d 1541, 1548 (9th Cir. 1994) ("To allege fraud with particularity, a plaintiff must set forth *more* than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.") (emphasis in original). Toromanova alleges that Rushmore has made "aggressive bad faith and fraudulent claims against [her] property" and has made "multiple misrepresentations," but the only specific allegations potentially related to fraud are that the defendants forged her signature on the deed of trust and wrongfully foreclosed. ECF No. 1 at 2-3. These allegations are not stated with particularity and do not meet the pleading requirements necessary to satisfy Rule 9(b). I therefore dismiss Toromanova's fraud claims.

Finally, to the extent that Toromanova is claiming that Rushmore violated one of Nevada's negotiable instruments laws (it is not clear from her complaint that this is the case), those claims fail because they do not meet the pleading requirements of Federal Rule of Civil

Procedure 8. Toromanova does not provide factual allegations plausibly showing a violation of those statutes. Without such allegations, she does not "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp.*, 550 U.S. at 555. I therefore dismiss any claims based on Nevada Revised Statutes §§ 104.101-104.3605.

### D. Declaratory Relief

Toromanova seeks declaratory relief to determine the "validity or extent of [Rushmore's] claims against [her] property," "if [Rushmore is] negligent," and "[d]eclare who are the real parties in interest . . . to the Deed of Trust." ECF No. 1 at 3. Rushmore moves to dismiss these claims, arguing that declaratory relief is not a stand-alone cause of action.

Although I have dismissed Toromanova's substantive claims, I have previously held in other cases that declaratory relief can be a stand-alone cause of action. *See, e.g., Bank of New York as Tr. for Certificateholders of CWALT, Inc. v. S. Highlands Cmty Ass'n*, 2019 WL No. 2089983, at *1, n.1 (D. Nev. May 10, 2019). One of the claims in Toromanova's complaint is to adjudicate rights in property under Nevada Revised Statutes § 40.010. Toromanova thus is asserting a claim and seeking a declaratory judgment as the remedy. I therefore deny Rushmore's motion to dismiss Toromanova's claims for declaratory relief.

### E. Injunctive Relief

Rushmore moves to dismiss Toromanova's request for injunctive relief because an injunction is a remedy, not a claim. However, Toromanova has not asserted injunctive relief as a "claim." *See* ECF No. 1 at 4 ("The nature of declaratory proceedings provides I may also seek further necessary or proper relief. I reserve the right to invoke injunctive relief to bar Defendants and their agents from proceeding against this property during the pendency of this case."). I therefore deny Rushmore's motion to dismiss Toromanova's "claim" for injunctive relief.

8

## IV. AMENDMENT

Rushmore argues that if I dismiss Toromanova's claims, amendment would be futile because her claims include fundamental errors of law that are not correctable through an amended complaint. Toromanova responds that her claims are viable—although she does not explain how—and argues I should consider her status as a pro se litigant and dismiss with prejudice only if it is certain that she is not entitled to relief.

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded."). "This policy is applied even more liberally to pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987).

I consider five factors to assess whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint. *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). Whether to grant leave to amend lies within my discretion. *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

I do not find that Toromanova's complaint was made in bad faith. And while Toromanova filed an amended complaint (ECF No. 51), it was stricken for reasons unrelated to the issues Rushmore raises in its motion to dismiss. *See* ECF No. 83. It is therefore possible that Toromanova might be able to cure some of the deficiencies in her complaint. I thus grant her leave to amend. In doing so, however, I advise Toromanova that she must clearly state the scope and legal basis of each of her claims and provide sufficient factual allegations to support each element of those claims.

## V. MOTION TO EXPUNGE LIS PENDENS

Rushmore also moves to expunge the lis pendens that Toromanova recorded against the property at the commencement of her suit. A notice of lis pendens is a notice of a pending lawsuit affecting real property recorded in the county in which the property is located. Nev. Rev. Stat. § 14.010. I have not dismissed all of Toromanova's claims, and I have given her leave to amend, so the lawsuit remains pending. I therefore deny without prejudice Rushmore's motion to expunge.

## VI. CONCLUSION

IT IS THEREFORE ORDERED that defendant Rushmore's motion to dismiss **(ECF No. 19) is GRANTED IN PART**. Toromanova' claims of fraud; negligence; and violations of Nevada Revised Statutes §§ 598.0903-598.0999, Nevada Revised Statutes §§ 104.101-104.3605, and 15 U.S.C. § 1692 are dismissed without prejudice. The remainder of Rushmore's motion to dismiss is denied.

IT IS FURTHER ORDERED that plaintiff Toromanova may file an amended complaint, consistent with this order, within 21 days of entry of this order. The amended complaint must be a complete document in and of itself and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court. Toromanova is advised to support each claim with factual allegations because all complaints "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). If claims are alleged against multiple defendants, the complaint should clearly indicate which claims apply to which defendant. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995). The plaintiff should

specifically identify each defendant and support each claim with factual allegations about each defendant's actions. If multiple claims are alleged, the complaint should identify which factual allegations give rise to each particular claim. Toromanova should be aware that Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim." Thus, the amended complaint should not include lengthy repetitions of statutes, rules, and filings in other cases.

IT IS FURTHER ORDERED that defendant Rushmore's motion to expunge Toromanova's lis pendens **(ECF No. 29) is DENIED** without prejudice.

DATED this 9th day of July, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE