# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DIMITRITZA H. TOROMANOVA,<br><br>    Plaintiff<br><br>v.<br><br>FIRST AMERICAN TRUSTEE SERVICING SOLUTIONS LLC, et al.,<br><br>    Defendants | Case No.: 2:18-cv-01482-APG-VCF<br><br>**Order (1) Denying Motion to Withdraw Reference, (2) Denying Petitions for Writ of Mandamus, and (3) Denying as Moot Motion to Strike**<br><br>[ECF Nos. 40, 50, 78, 86] |

Plaintiff Dimitritza Toromanova moves for me to withdraw the reference of her bankruptcy proceeding to the bankruptcy court. Toromanova contends that withdrawal is mandatory under 28 U.S.C. § 157(d) because "other laws of the United States," specifically 28 U.S.C. § 1334(e)(1). She filed two petitions for writ of mandamus essentially on the same grounds, arguing that the bankruptcy court's orders granting relief from the automatic stay were "clearly erroneous" because this court, not the bankruptcy court, has jurisdiction under § 1334(e).

Under 28 U.S.C. § 157(a), "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." Our district has done so by adopting the Local Rules of Bankruptcy Practice. *See* LR 1001(b)(1) ("All cases under title 11 and all proceedings arising under, arising in or related to a case under title 11 are referred to the bankruptcy court for this district."). Under § 157(b)(1), bankruptcy judges "may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders

and judgments, subject to review under section 158 of this title." Core proceedings include "motions to terminate, annul, or modify the automatic stay." 28 U.S.C. § 157(b)(2)(G). Consequently, the orders about which Toromanova complains were properly referred to the bankruptcy court and were core bankruptcy proceedings.

Section 157(d) provides that:

> [t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

The first sentence of this section allows for permissive withdrawal for cause shown. *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997). To determine whether cause exists, I consider "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Id.* The second sentence of § 157(d) "mandates withdrawal in cases requiring material consideration of non-bankruptcy federal law." *Id.* (emphasis omitted).

Toromanova has not shown cause for permissively withdrawing the reference. The efficient use of judicial resources, delay, uniformity of bankruptcy administration, and prevention of forum shopping all counsel in favor of the bankruptcy court resolving core proceedings properly referred to it.

Toromanova also has not shown withdrawal is mandatory. The only non-bankruptcy federal law she cites is 28 U.S.C. § 1334(e)(1). That section provides that the "district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction . . . of all the property, wherever located, of the debtor as of the commencement of such case, and of

property of the estate." The bankruptcy court is "a unit of the district court." 28 U.S.C. § 151. Consequently, withdrawing the reference is not mandatory based on § 1334(e)(1) because as a unit of this court, the bankruptcy court has jurisdiction over the debtor's and the estate's property.

IT IS THEREFORE ORDERED that plaintiff Dimitritza Toromanova's motion to withdraw the reference **(ECF No. 40)** and petitions for writ of mandamus **(ECF Nos. 50, 86)** are DENIED.

IT IS FURTHER ORDERED that defendant Rushmore Loan Management Services LLC's motion to strike surreply **(ECF No. 78) is DENIED as moot** because I have already resolved the related motion to expunge lis pendens.

DATED this 1st day of August, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE