UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DIMITRITZA H. TOROMANOVA,<br><br>    Plaintiff<br><br>v.<br><br>RUSHMORE LOAN MANAGEMENT SERVICES LLC, et al.,<br><br>    Defendants | Case No.: 2:18-cv-01482-APG-VCF<br><br>**Order (1) Denying Plaintiff's Summary Judgment Motion, (2) Granting Defendants' Motions for Summary Judgment and to Expunge Lis Pendens, and (3) Denying Defendants' Motion to Dismiss and Motion to Expunge Lis Pendens as Moot**<br><br>[ECF Nos. 104, 105, 126, 128, 129] |

Plaintiff Dimitritza H. Toromanova sues defendants Rushmore Loan Management Services LLC (Rushmore) and U.S. Bank, National Association, as trustee for RMAC Trust, Series 2016-CTT, claiming that they improperly foreclosed on her property at 1708 Cordoba Lane in Las Vegas. ECF Nos. 1; 101. I previously dismissed Toromanova's complaint, with leave to amend. ECF No. 97. In Toromanova's amended complaint, she alleges Rushmore and U.S. Bank sold her property while her lis pendens was still "in force." ECF No. 101 at 2. She also asserts a declaratory relief claim "to determine the validity or extent of Defendants' claims against [her] property." *Id.* at 3. Specifically, she seeks to determine whether Rushmore and U.S. Bank are the real parties in interest with respect to the note and deed of trust. *Id.*

Rushmore and U.S. Bank move to dismiss the amended complaint and expunge the lis pendens Toromanova recorded. Additionally, they move for summary judgment. Toromanova also moves for summary judgment.

For the reasons set forth in this order, I deny Toromanova's motion for summary judgment and grant the defendants' motions for summary judgment and to expunge the lis

pendens. I deny as moot the defendants' motion to dismiss and related motion to expunge the lis pendens.

**I. BACKGROUND**

On August 7, 2003, Toromanova executed a note to obtain a loan in the amount of $212,800.00 from Lehman Brothers Bank, FSB. ECF No. 128-2. The note was secured by a deed of trust on the subject property. ECF No. 128-3.

The deed of trust was assigned back and forth between Lehman Brothers and Aurora Bank FSB, with Aurora ending up with the deed of trust.[1] ECF Nos. 128-5; 128-6; 128-7. Aurora later assigned it to Nationstar Mortgage, LLC. ECF No. 128-8. In 2018, Nationstar assigned it to U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT. ECF No. 128-9. Rushmore is U.S. Bank's loan servicer for this loan. ECF Nos. 128-18; 128-19.

Toromanova defaulted on the loan, so a notice of default was recorded against the property. ECF No. 128-10. The Nevada Foreclosure Mediation Program issued a certificate allowing the foreclosure to proceed. ECF No. 128-11. A notice of sale was recorded, and the sale took place on August 27, 2018, with U.S. Bank obtaining the property. ECF Nos. 128-12; 128-15. The defendants did not record the deed upon sale right away, however, because just before the sale Toromanova filed a petition for Chapter 13 bankruptcy. ECF No 128-13. The bankruptcy court subsequently granted U.S. Bank's motion to retroactively annul the automatic stay, so the automatic stay "did not affect the real property commonly known as 1708 Cordoba

---

[1] In December 2012, Aurora assigned the deed of trust to Lehman Brothers on the same day Lehman Brothers assigned the deed of trust to Aurora. ECF Nos. 128-6; 128-7. Because Lehman Brothers could not assign the deed of trust to Aurora on that day unless Aurora first assigned it to Lehman Brothers, the December 2012 transfer to Aurora must have come after the December 2012 transfer to Lehman Brothers.

Lane." ECF No. 128-14 at 3.  The defendants then recorded the deed upon sale from the August 2018 foreclosure sale and subsequently sold the property.[2] ECF Nos. 28-15; 128-16.

## II. ANALYSIS

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c).  A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial.").  I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

**A.  Lis Pendens**

In conjunction with filing suit, Toromanova recorded a notice of lis pendens. ECF No. 128-17.  In her amended complaint, she alleges the defendants sold her property to third parties

---

[2] Toromanova also sued the purchasers, Juan C. Undaluquin and Miguel Undaluquin.  I dismissed those defendants because Toromanova failed to timely serve them. ECF No. 125.

3

even though her lis pendens was "in force." ECF No. 101 at 2.  Toromanova moves for summary judgment on this allegation, contending that as a result of the defendants' conduct, she can avoid the sale of the property and have title transferred back to her. ECF No. 126.  The defendants oppose and also move for summary judgment, contending that a notice of lis pendens does not preclude the sale of the property.  Rather, it provides notice of the lawsuit to subsequent purchasers, who then take the property with knowledge of the dispute and subject to the results of the underlying litigation.

"The doctrine of lis pendens provides constructive notice to the world that a dispute involving real property is ongoing." *Weddell v. H2O, Inc.*, 271 P.3d 743, 751 (Nev. 2012). Nothing in Nevada's lis pendens statute expressly precludes transfer of the property after a notice of lis pendens has been recorded and has not been withdrawn or expunged.  To the contrary, the statute contemplates that a transfer may occur and provides that a subsequent purchaser takes with notice of the underlying action:

> From the time of recording only, except as otherwise provided in NRS 14.017,[3] the pendency of the action is constructive notice to a purchaser or encumbrancer of the property affected thereby.  In case of the foreclosure of the mortgage, all purchasers or encumbrancers, by unrecorded deed or other instrument in writing made before the recording of the notice, and after the date of the mortgage, shall be deemed purchasers or encumbrancers after the recording of the notice, and subject thereto, unless NRS 14.017 is applicable or they can show that, at the time of recording the notice, the plaintiff had actual notice of the purchase or encumbrance.

---

[3] Section 14.017(1) provides that if a notice of pendency of an action is withdrawn or a cancellation of the notice is recorded, "each person who thereafter acquires an interest in the property . . . shall be deemed to be without knowledge of the action or of any matter, claim or allegation contained therein, irrespective of whether the person has or at any time had actual knowledge of the action or of any matter, claim or allegation contained therein."  This section's "purpose . . . is to provide for the absolute and complete transferability of real property after the withdrawal or cancellation of a notice of the pendency of an action affecting the property." Nev. Rev. Stat. § 14.017(2).

Nev. Rev. Stat. § 14.010(3). If recording the notice of lis pendens alone were enough to preclude transfer of the property, this statutory language would be superfluous.

Toromanova relies on language from *Coury v. Tran* where the Supreme Court of Nevada stated that "the purpose of recording a lis pendens . . . is to cloud title before a sale of property occurs so that the claims of a party may be resolved *before* transfer of title." 895 P.2d 650, 653 (Nev. 1995). That statement must be considered in context. In *Coury*, the plaintiffs recorded a notice of lis pendens, but then released it to allow the sale of a disputed property to proceed. *Id.* at 651-52. After the sale, the plaintiffs recorded a second notice of lis pendens and filed suit against the purchaser. *Id.* at 652. The Supreme Court of Nevada held that the plaintiffs could not "release a lis pendens in order to avoid potential legal liability, wait for the sale of the property to occur, and then renew their claims" because that would be "patently unfair" to the purchaser "who, but for the release of the lis pendens, would not have purchased" the property. *Id.* at 653. It was in this context that the court stated that "allowing a second lis pendens would defeat the purpose of recording a lis pendens; which is to cloud title before a sale of property occurs so that the claims of a party may be resolved *before* transfer of title." *Id.*

The Supreme Court of Nevada did not state in *Coury* that foreclosing on a property before a lis pendens is expunged renders that sale void. Instead, its decision in *Coury* is consistent with the statute's purpose of putting potential purchasers on notice of the pendency of the action so they can decide whether to purchase the property despite the dispute or to wait until the dispute is resolved.

Toromanova's recording of a notice of lis pendens by itself[4] did not preclude the defendants from foreclosing on and then transferring the property. I therefore grant summary judgment in the defendants' favor on these allegations in Toromanova's amended complaint.

### B. Declaratory Judgment

The defendants argue that U.S. Bank is the holder of the note and is entitled to enforce it as a negotiable instrument through its loan servicer, Rushmore. The defendants assert that the last recorded assignment transfers the note and deed of trust to U.S. Bank, and there is no evidence anyone else has the right to enforce the note and deed of trust. They also argue Toromanova lacks standing to challenge the assignments of the note and deed of trust because she was not a party to those assignments. Toromanova did not respond, apparently taking the position that she did not have to respond because of the way the defendants filed their motions for summary judgment and to expunge the lis pendens. *See* ECF No. 131.

There was nothing improper about the defendants' filing the motions for summary judgment and to expunge lis pendens as they did. Under Local Rule IC 2-2, "[f]or each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document." Thus, although the defendants combined their motion for summary judgment with their motion to expunge, they correctly filed the document twice, once as a summary judgment "event" and a second time as a motion to expunge. Toromanova failed to respond to the summary judgment motion at her own risk.

The defendants have presented evidence that the note and deed of trust were transferred through a series of assignments to U.S. Bank and that Rushmore is U.S. Bank's loan servicer.

---

[4] Toromanova did not move for injunctive relief to stop the foreclosure or the subsequent transfer.

Toromanova has presented no contrary evidence to raise a genuine dispute that they lacked authority to enforce the note and deed of trust. To the extent Toromanova's declaratory relief claim challenges the validity of those assignments,[5] she lacks standing to do so. *See, e.g.*, *Wood v. Germann*, 331 P.3d 859, 861 (Nev. 2014) (holding that a borrower "who is neither a party nor an intended third-party beneficiary of [a pooling and servicing agreement] lacked standing to challenge the assignment's validity" where the loan was assigned after the closing date in the pooling and servicing agreement); *Greenwood v. Ocwen Loan Servicing, LLC*, 800 F. App'x 502, 504 (9th Cir. 2020) (affirming dismissal because the borrowers "could not state a claim based on alleged irregularities in the assignments of the promissory note and deed of trust"). I therefore grant the defendants' motion for summary judgment on Toromanova's declaratory relief claim.

### C.  Expunge Lis Pendens

The defendants move to expunge the lis pendens Toromanova recorded because she cannot prevail in this action. Toromanova responds that because I previously denied Rushmore's motion to expunge, I should deny this motion based on issue preclusion.

The defendants' motion is not barred by issue preclusion. A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient," so long as it has jurisdiction. *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quotation and emphasis omitted); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) (citing Fed. R. Civ. P.

---

[5] Toromanova's amended complaint is devoid of facts, so it is unclear on what basis she is contending the defendants are "strangers to the original Note and Deed of Trust." ECF No. 101 at 3. Even if she had standing to challenge the assignments, she has presented no evidence that the assignments are void or voidable.

54(b)). I previously denied Rushmore's motion to expunge without prejudice because I had not dismissed all of Toromanova's claims and had given her leave to amend, so the lawsuit remained pending. ECF No. 97 at 1, 10-11.

Now, however, I have granted summary judgment in the defendants' favor on Toromanova's claims, so no lawsuit remains pending to support the lis pendens. Nev. Rev. Stat. §§ 14.010, 14.015(3)(a). I therefore grant the defendants' motion and order the cancellation of the notice of lis pendens. I also order Toromanova to record a copy of this order of cancellation with the Clark County Recorder's office. *Id.* § 14.015(5). Should she fail to do so within 30 days of entry of this order, the defendants may record this order. This cancellation has the same effect as an expungement of the original notice. *Id.*

## III.  CONCLUSION

I THEREFORE ORDER that plaintiff Dimitritza Toromanova's motion for summary judgment **(ECF No. 126) is DENIED**.

I FURTHER ORDER that the defendants' motions for summary judgment and to expunge lis pendens **(ECF Nos. 128, 129) are GRANTED**.

I FURTHER ORDER that the defendants' motions to dismiss and to expunge lis pendens **(ECF Nos. 105, 105) are DENIED as moot**.

I FURTHER ORDER plaintiff Dimitritza Toromanova to record a copy of this order of cancellation with the Clark County Recorder's office. Should she fail to do so within 30 days of entry of this order, the defendants may record this order.

/ / / /

/ / / /

/ / / /

I FURTHER ORDER the clerk of court to enter judgment in favor of the defendants and against the plaintiff, and to close this case.

DATED this 8th day of May, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE